**Jean Noel GERVILIER, Monique Chavanne, and Marie Devalon, Plaintiffs,**

v.

**UNITED STATES of America and the Drug Enforcement Administration, Defendants.**

**Civil Action No. CV296–197.**

United States District Court, S.D. Georgia, Brunswick Division.

June 13, 1997.

Stanley G. Jackson, Peter D. Johnson, Augusta, GA, for Plaintiffs.

Ruth Hearn Young, Savannah, GA, for Defendants.

### ORDER

ALAIMO, District Judge.

Plaintiffs, Jean Noel Gervilier ("Gervilier"), Monique Chavanne ("Chavanne"), and Marie Devalon ("Devalon"), bring this action challenging the seizure of $26,400 in United States currency by Defendants, the United States of America and the Drug Enforcement Administration ("DEA"). Defendants filed a Motion to Dismiss, or, In the Alternative, for Summary Judgment ("Government's Motion for Summary Judgment"), which asserts that the Court lacks subject matter jurisdiction over the instant action. Plaintiffs also filed a Motion for Summary Judgment, which addresses the substantive merits of their lawsuit and asserts that Plaintiffs were deprived of several constitutional rights by Defendants. For the reasons set forth below, Defendants' Motion for Summary Judgment will be **GRANTED**, while Plaintiffs' Motion for Summary Judgment will be **DENIED**.

### FACTS

On October 28, 1995, Sheriff's deputies from Camden County, Georgia, seized $24,600 in United States currency from a vehicle driven by Gervilier. (William J. Snider Decl. ¶ 4(a), attached as Ex. B to Defs.' Mot. for Summ. J.) Subsequently, on November 13, 1995, the DEA adopted the seizure for forfeiture. (Id.) The DEA promptly mailed notices of the seizure to Gervilier, which Gervilier received.[1] (Id. Exs. 1–6.) The DEA also published notice in USA Today, a newspaper of general circulation within the Southern District of Georgia.[2] (Id. Ex. 7.) The notices and publications advised Gervilier of his option to contest the forfeiture in a United States District Court by filing a claim of ownership and bond with the DEA no later than January 23, 1996. (Id. Exs. 1, 3, 5, 7.) The notices and publications also informed Gervilier of the procedure to waive the bond and proceed in forma pauperis. (Id.) In addition, the mailed notices advised Gervilier of his alternative option to file a petition for

---

1. The DEA initially sent three notices to Gervilier, all of which were sent certified mail, return receipt requested. One notice, which was sent on December 26, 1995, to the residence address that Gervilier gave to the Camden County Sheriff's Department, was returned unclaimed. (Snider Decl. Exs. 1, 2.) Two other notices, which were sent to Gervilier in care of his attorney, Ron Cason ("Cason"), on December 26, 1995, and January 2, 1996, were accepted by an agent at Cason's law firm on January 9, 1996. (Id. Exs. 3–6.)

2. The notice was published on January 3, January 10, and January 17, 1996. (Id. Ex. 7.)

remission or mitigation with the DEA within thirty days of receipt of such notice. (*Id.* Exs. 1, 3, 5.)

On January 23, 1996, the DEA received a Petition for Remission of Forfeiture ("Petition for Remission") that was signed by Gervilier, Chavanne, and Devalon, which requested "the return of their seized property to the care of their Attorney, Ronald L. Cason . . . ." (*Id.* Ex. 8.) Thereafter, the DEA received a letter from an Assistant United States Attorney ("AUSA"), in which the AUSA forwarded a Motion for Remission of Forfeiture and to Proceed In Forma Pauperis ("Motion to Proceed In Forma Pauperis")[3] that was signed by Gervilier, Chavanne, and Devalon, along with affidavits in support thereof, which were received by the AUSA's office on January 22, 1996. (*Id.* Ex. 9.) The letter advised the DEA that the AUSA had "called Attorney Ron Cason to see what his intentions were, and we determined that this was intended to go to DEA directly. . . . At this point, there is no judicial action pending on this seizure." (*Id.*)

In response to the letter from the AUSA, on March 8, 1996, the DEA sent a letter to Gervilier, Chavanne, and Devalon,[4] which advised them that no bond or motion to proceed *in forma pauperis* is necessary to file a Petition for Remission. (*Id.* Ex. 10.) The letter further advised Plaintiffs that their petition for remission would be acted upon administratively. (*Id.*) Plaintiffs also were informed of the proper procedures to follow if they had intended, instead, to file a claim

of ownership in District Court contesting the seizure, and, further, were granted a twenty day extension from the date of receipt of the letter to file such claim. (*Id.*)

No claim of ownership, however, was filed. (*Id.* ¶ 4(i).) Accordingly, on May 7, 1996, the $24,600 was forfeited to the United States. (*Id.* Ex. 12.) Thereafter, the DEA reviewed and denied the Petition for Remission. On July 29, 1996, notice of the denial was sent to Gervilier, Chavanne, and Devalon.[5]

On August 13, 1996, the DEA received a motion from Cason that requested an extension of time to file a motion for reconsideration of the denial of the petition for remission. (*Id.* Ex. 16.) In that motion, Cason stated that he was withdrawing his representation of Gervilier, Chavanne, and Devalon and that Plaintiffs, therefore, needed additional time to secure new counsel. (*Id.*) In response to the motion, the DEA sent a letter to Gervilier, Chavanne, and Devalon informing them that a thirty day extension from the date of receipt of such letter was granted.[6] (*Id.* Ex. 17.) No further filings, however, were received by the DEA. (*Id.* ¶ 4(m).)

On December 16, 1996, Plaintiffs filed an "Equitable Complaint" in this Court to commence the instant lawsuit.

## DISCUSSION

### I. Summary Judgment

Both parties have moved for summary judgment under Rule 56 of the Federal Rules of Civil Procedure.[7] Summary judg-

---

3. The caption of the Motion to Proceed In Forma Pauperis read, in part, "United States District Court for the Southern District of Georgia." (*Id.* Ex. 9.) In the motion, Plaintiffs "request[ed] this Honorable Court to order a remission of forfeiture and the return of the [Plaintiffs'] funds or in the alternative to allow [Plaintiffs] to proceed without posting a cost bond." (*Id.*)

4. The letter was sent to Gervilier, Chavanne, and Devalon in care of Michael L. McKinnon Jr. ("McKinnon"), who is Cason's law partner. (*Id.* Ex. 10.) It was sent certified mail, return receipt requested, and accepted by an agent of McKinnon & Cason, L.L.P. on March 18, 1996. (*Id.*)

5. The notice was sent certified mail, return receipt requested, in care of McKinnon and accepted by an agent at the law firm on August 2, 1996. (*Id.* Ex. 15.)

6. The letter was sent certified mail, return receipt requested, on September 12, 1996, in care of Cason and accepted by him on September 17, 1996. (*Id.* Ex. 18.)

7. The Court will treat Defendants' motion as a motion for summary judgment since Defendants attached several exhibits to its motion for the Court's consideration.

Defendants specify neither the relevant rules nor applicable legal standards that govern the adjudication of their motion. However, it is apparent that their argument that the Court lacks jurisdiction to entertain the case at bar is, in essence, a Rule 12(b)(1) motion to dismiss for lack of jurisdiction over the subject matter. Also, it is apparent that Defendants' argument that Plaintiffs received adequate notice and, thus, cannot maintain a due process claim, is, in essence, a Rule 12(b)(6) motion to dismiss for

ment requires the movants to establish the absence of genuine issues of material fact, such that the movants are entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Lordmann Enterprises, Inc. v. Equicor, Inc.,* 32 F.3d 1529, 1532 (11th Cir.1994), *cert. denied,* 516 U.S. 930, 116 S.Ct. 335, 133 L.Ed.2d 234 (1995). After the movants meet this burden, "the non-moving party must make a sufficient showing to establish the existence of each essential element to that party's case, and on which that party will bear the burden of proof at trial." *Howard v. BP Oil Co., Inc.,* 32 F.3d 520, 524 (11th Cir.1994) (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)). The non-moving parties to a summary judgment motion need make this showing only after the moving parties have satisfied their burden. *Clark v. Coats & Clark, Inc.,* 929 F.2d 604, 608 (11th Cir.1991).

The court should consider the pleadings, depositions and affidavits in the case before reaching its decision, Fed.R.Civ.P. 56(c), and all reasonable inferences will be made in favor of the non-movants. *Griesel v. Hamlin,* 963 F.2d 338, 341 (11th Cir.1992). "A court need not permit a case to go to a jury, however, when the inferences that are drawn from the evidence, and upon which the non-movant[s] rel[y], are 'implausible.'" *Mize v. Jefferson City Bd. of Educ.,* 93 F.3d 739, 743 (11th Cir.1996).

## II. *Subject Matter Jurisdiction*

Defendants argue that the Court lacks jurisdiction over the instant action since the DEA has administratively determined that the forfeiture was proper. (Gov't Mot. for Summ. J. at 12.) Plaintiffs, conversely, argue that the Court has equitable jurisdiction over this matter. (Pls.' Resp. to Gov't Mot. to Dismiss at 3.)

■ The general rule is that federal courts lack jurisdiction to review the merits of a forfeiture decision. *In re Sixty Seven Thousand Four Hundred Seventy Dollars ($67,-470.00),* 901 F.2d 1540, 1543 (11th Cir.1990) (citations omitted). There are, however, two exceptions to the general rule.

First, federal courts may have jurisdiction over an agency forfeiture decision when an agency has refused a request to exercise its discretion. *Id.* at 1544 (citations omitted). Plaintiffs do not raise this argument and, therefore, the Court will address it only briefly. "In order to invoke this exception, a petitioner must either make specific allegations showing a refusal to consider or the government must concede that the application was not properly considered." *Id.* (citation omitted). In the case at bar, Defendants make no such concession, but rather they assert that Plaintiffs' Petition for Remission was "given special consideration and was independently investigated before being denied." (Gov't Mot. for Summ. J. at 13.) This assertion is well supported by the evidence presented. (Susan H. Cinelli Aff. ¶¶ i-k, attached as Ex. A to Gov't Mot. for Summ. J.; Snider Decl. Exs. 10, 17.) The Court, therefore, concludes that this first exception is inapplicable to the case at bar.

■ Second, federal courts may exercise equitable or anomalous jurisdiction over agency forfeiture decisions. *In re $67,-470.00,* 901 F.2d at 1544. "The decision to invoke equitable jurisdiction is highly discretionary and must be exercised with caution and restraint. Such jurisdiction, therefore, is only appropriate in exceptional cases where equity demands intervention." *Id.* (citations omitted). Equitable jurisdiction should be exercised only if judicial review is necessary to prevent manifest injustice. *Id.* at 1545. The Court considers several factors to determine whether to exercise equitable jurisdiction. Those factors are (1) whether the Defendants seized the currency in "callous disregard for the [Plaintiffs'] constitu-

failure to state a claim for which relief can be granted. Rule 12(b) provides that
> [i]f, on a motion ... to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56 ....

Fed.R.Civ.P. 12(b). The Court, therefore, must treat Defendants' motion with regard to the due process issue as a motion for summary judgment. For simplicity, the Court will treat Defendants' motion in its entirety as a motion for summary judgment.

tional rights," (2) whether Plaintiffs have an individual interest in and need for the currency, (3) whether Plaintiffs would be irreparably harmed by the denial of the return of the currency, and (4) whether Plaintiffs have an adequate remedy at law. *Id.* (citing *Richey v. Smith*, 515 F.2d 1239, 1243–44 (5th Cir. 1975)).[8]

■ Generally, "[i]t is inappropriate for [the][C]ourt to exercise equitable jurisdiction to review the merits of a forfeiture matter when the [Plaintiffs] elected to forego the procedures for pursuing an adequate remedy at law." *Id.* (citations omitted). The exercise of equitable jurisdiction under such circumstances, however, may be appropriate if Plaintiffs' failure to pursue their remedy at law resulted from "errors of procedure or form" or misconduct by the Defendants. *Id.* (citations omitted). Equity should not be used, though, to enable Plaintiffs to rescind their choice regarding which avenue of relief to pursue. *Id.*

■ Plaintiffs claim that their failure to contest the forfeiture in District Court is attributable to errors in procedure and form. (Pls.' Resp. to Gov't Mot. to Dismiss at 3.) Specifically, Plaintiffs argue that they were without legal representation and that they were unable to communicate effectively with Defendants because they are resident aliens from Haiti. Additionally, they argue that "[t]he procedural history from this point shows that Plaintiffs apparently intended to proceed judicially but failed to submit a timely claim and cost bond." (*Id.* at 2.)

The Court, however, is not persuaded by Plaintiffs' arguments. Plaintiffs were represented by McKinnon & Cason, L.L.P. throughout the forfeiture proceedings until sometime in August, 1996. It was not until more than five months after the time for filing a claim of ownership had expired that Cason withdrew his representation. In addi-

tion, Plaintiffs received two notices that accurately apprised them of their option to seek judicial review of the seizure and that detailed the relatively simple procedures to do so. Furthermore, Plaintiffs were given an additional opportunity to file a claim and to proceed in District Court after the deadline for filing a claim passed. (Snider Decl. Ex. 10.) That opportunity clearly gave Plaintiffs ample opportunity to correct any errors of procedure or form.[9]

It is apparent from Plaintiffs' course of conduct that they chose to pursue the administrative remedy available to them and to forego their judicial remedy. The only evidence that suggests that Plaintiffs intended to contest the action in District Court is their submission of the Motion for Remission and to Proceed In Forma Pauperis that ultimately was received by the AUSA and forwarded to the DEA. The DEA, however, clearly and unequivocally informed Plaintiffs that their objections to the seizure were being acted upon administratively and that they must file a claim of ownership to proceed judicially. Plaintiffs, however, did not file a claim of ownership, but, instead, continued to pursue their administrative remedy, as evidenced by their request for an extension of time to file a motion for reconsideration of the denial of their Petition for Remission.

The Court, thus, concludes that Plaintiffs present no persuasive reasons that would justify the extraordinary exercise of the Court's equitable jurisdiction. Plaintiffs sat on their rights to contest the seizure in this Court until now. This simply is *not* a case where manifest injustice will result unless equity intervenes. To the contrary, Plaintiffs have been afforded a full and fair opportunity to challenge the seizure. Accordingly, the Court agrees with Defendants that it lacks jurisdiction over the instant action insofar as it challenges the validity of the seizure and the merits of the forfeiture ruling.

8. The Eleventh Circuit, in the *en banc* decision *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981), adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981.

9. In the letter in which Plaintiffs were granted an additional 20 days to file a claim of ownership to pursue their judicial remedy, the DEA explicitly pointed out their error in submitting a motion to

proceed *in forma pauperis* along with their motion for remission. (Snider Decl. Ex. 10.) Furthermore, the letter stated that "if it was your intention to contest the probable cause for seizure in the U.S. District Court, please be advised that a claim must be filed with the cost bond or in Forma Pauperis...." (*Id.*) The DEA then outlined the procedures that Plaintiffs must follow to file a claim of ownership. (*Id.*)

### III. *Due Process Claim*

█ Plaintiffs also raise an independent claim that Chavanne and Devalon received no legal notice of the forfeiture proceedings and, thus, suffered a denial of due process.[10] (Compl.¶15.) The Plaintiffs' allegation regarding a lack of notice does not challenge the DEA's forfeiture ruling on the merits, but, rather, it challenges the adjudicatory process itself. *See In re $67,470.00*, 901 F.2d at 1545. The Court, therefore, has jurisdiction under 28 U.S.C. § 1331 to entertain this claim, which presents a federal question.

Plaintiffs, however, offer no evidentiary support for this claim. In fact, the evidence presented shows that Chavanne and Devalon did, in fact, receive adequate notice. It is undisputed that all notices sent to Chavanne and Devalon in care of either Cason or McKinnon were received. It also is undisputed that Cason & McKinnon, L.L.P. represented Chavanne and Devalon. (*See* Snider Decl. Ex. 8, Petition for Remission (stating "COMES NOW, the Petitioners, Jean Noel Gervilier, Monique Chavanne and Marie Devalon, by and through *their* below listed attorney ..." and requesting the "return of their seized property to the care of *their* Attorney Ronald L. Cason ...") (emphasis added).) All documents submitted in response to notices and letters sent by the DEA were signed by Chavanne and Devalon, which unquestionably shows that they received notice throughout the entire forfeiture proceeding. The Court, therefore, concludes that Chavanne and Devalon are unable to establish a due process claim.

### *CONCLUSION*

The Court carefully has considered the positions of all parties involved in this action. Defendants' Motion for Summary Judgment is **GRANTED**, and Plaintiffs' Motion for Summary Judgment is **DENIED**. The Clerk is directed to enter the appropriate judgment.

---

**10.** Plaintiffs do not raise such claim in their Motion for Summary Judgment, nor do they address it in response to Defendants' Motion for Summary Judgment, which does analyze such claim. Plaintiffs, however, allege in their Complaint that no legal notice was given to Chavanne or Devalon. (Compl.¶15.) In the interests of completeness and fairness, the Court will address this issue.